Conway B, J. This suit was instituted on an administration bond, against the administrators and their securities. The plaintiff alleged that, in October, 1839, they obtained judgment against the administrators for f565.34, to be levied of the goods and chattels of the intestate, in the hands of the administrators, to be administered; that the administrator did not list said judgment and class the same, or make return thereof, to the Probate Court; that they then had in then- hands unappropriated assets sufficient to pay said judgment, as appeared from their settlements, and that, by their failure to pay, or list,‘class and make return thereof, to said court, plaintiffs’ said judgment was totally lost to them. The defendants filed fifteen pleas, and the plaintiffs demurred to all except three, upon which issues were joined. The demurrers were sustained; and the issues found for plaintiffs; and judgment given them for the amount of their claim. The defendants moved for a new trial, which was refused; they excepted, spread out the evidence, and appealed. All the pleas demurred to were bad, and the demurrers to them properly sustained. The first offered no valid defence. It is no excuse that the administrators had not assets at or after the institution of this suit. The second should have alleged that the assets were exhausted by claims exhibited and allowed within the.twelve months. The third and fourth are bad, because they do not affirm that the debts and claims referred to had been exhibited and allowed. The fifth should have made allegation that the fees had been allowed by the court. The sixth presents no legal defence. At the time of the intestate’s death, the law did not authorize the assignment of dower before debts discharged. In truth, if the estate proved insolvent, the widow was entitled to no dower. Steel & McCampbell 54, sec. 21; 212, sec. 4; 213, sec. 5. The seventh is not good, because it does not deny the legal exhibition of plaintiff’s claim against the estate. The eighth is bad, because it neither responds to the allegations of the declaration, nor presents any matter in avoidance of them. If the complaint was simply for the non-payment of the money, it would be a good answer that the court had not ordered it paid; but, when the administrators are charged, as in this case, with the omission of other duties imposed by their bond, and loss and damage are imputed to them, as the- consequence of the default, such a plea is no defence. The orders not having been made by the court surely affords no excuse for the neglect of duties necessary to be performed to 'enable the court to make the order. The four other pleas demurred to were by defendant, Bardehne, and are in substance and legal effect the same- They all rely on the invalidity of the administration, and only allege it in different forms. From well settled authority, the defendants were estopped from denying that Outlaw and Fugate were administrators. They had ac-lcnowledged tliem such in their bond; and that which is expressly-acknowledged by deed, cannot be denied by plea, without an allegation of fraud or mistake; and when the condition of a bond has reference to a particular thing, the obligor is estopped from saying there is no such thing. 3 Mar. Ky. R. 302, Jones et al. v. Prewit 3 Johnson's s R. 331, Jackson v. Hashrouck. 2 J. J. Mar. Ky. R. 280, Anderson v. Barry, &c. 3 J. J. Mar. 164, Allen v. Luckett. The three pleas upon which issues were formed were in effect but pleas of nul tiel record. The court was correct in finding the issues for the plaintiffs, but erred in assigning damages and in giving final judgment. As demurrers had been sustained to all of the other pleas, and plaintiff’s cause of action left wholly undefended, the court, on finding the issues for plaintiff, ought to have rendered an interlocutory judgment against defendants, and ordered a jury to be empannelled, to inquire into the truth of the breaches, and assess damages. Rev. Stat. 609, sec. 7; and the same 630, sec. 81. The judgment is therefore reversed, and the case remanded, with instructions to the Circuit Court, to grant defendants a new trial, and leave to amend their pleadings.